IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JAMES DALTON BELL,**

                **Petitioner,**

      **v.**                                           **CASE NO. 08-3051-RDR**

**UNITED STATES OF AMERICA, et al.,**

                **Respondents.**

**O R D E R**

This matter is before the court on a habeas petition filed under 28 U.S.C. § 2241 "for all pending and past criminal cases and prisoners," with a supporting memorandum. Petitioner, a prisoner incarcerated in a federal facility in Arizona, proceeds pro se and identifies himself as "Notificant/Petitioner." He also states he is seeking relief under Fed.R.Civ.P. 60(b)(4) as "next friend" for persons no longer incarcerated, and states he is thereby advancing an "error coram nobis" action on their behalf.

Petitioner challenges the criminal jurisdiction of all federal judges over all criminal cases, alleging the federal criminal statutes were not legally enacted and recodified since 1948, thus all convictions arising from those statues were null and void. Having reviewed petitioner's pleadings, the court finds this matter should be dismissed.

Petitioner was convicted in the Western District of Washington on charges of interstate stalking and using facility of interstate

commerce for interstate stalking. *See* <u>United States v. Bell</u>, 303 F.3d 1187 (9th Cir. 2002). To the extent petitioner seeks relief in his own criminal conviction, this court has no jurisdiction to consider petitioner's claims. Relief under 28 U.S.C. § 2255 must be pursued in the sentencing court, and any request for relief under 28 U.S.C. § 2241 must be filed in the district where petitioner is confined. <u>Rumsfeld v. Padilla</u>, 542 U.S. 426, 443 (2004).

Moreover, petitioner has no standing to represent current or former prisoners. *See* <u>Whitmore v. Arkansas</u>, 495 U.S. 149, 163 (1990)("[L]imitations on the 'next friend' doctrine are driven by the recognition that it was not intended that the writ of habeas corpus should be availed of, as matter of course, by intruders or uninvited meddlers, styling themselves next friends.")(internal quotation and citation omitted). Nor may petitioner proceed on their behalf. Petitioner may plead and conduct his own case personally or through counsel, 28 U.S.C. § 1658, but it is recognized that a pro se plaintiff may not serve as a class representative "because the competence of a layman is clearly too limited to allow him to risk the rights of others." <u>Fymbo v. State Farm Fire & Cas. Co.</u>, 213 F.3d 1320, 1321 (10th Cir. 2000)(internal quotation marks omitted).

The court notes petitioner's filing of the same claims in other federal judicial districts which dismissed those petitions for lack of jurisdiction. *See e.g.* <u>Bell v. United States</u>, 2008 WL 434877 (M.D.Fla. Feb. 14, 2008)(reviewing federal court dockets and finding approximately twenty identical or similar § 2241 petitions filed in

other federal district courts). Under these circumstances, the court finds transfer of this action to the district of petitioner's confinement to cure jurisdictional defect would not be in the interests of justice, 28 U.S.C. § 1631, and concludes the petition should be dismissed.

IT IS THEREFORE ORDERED that the petition is dismissed for lack of jurisdiction.

DATED: This 22nd day of February 2008, at Topeka, Kansas.

 s/ Richard D. Rogers
RICHARD D. ROGERS
United States District Judge